IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO.   3:15-CR-0478-B |
| v. | |
| ALLEN NASH, A.K.A. "A-1" | |

## GOVERNMENT'S MOTION IN LIMINE AND MOTION TO EXCLUDE VICTIM'S SEXUAL BEHAVIOR OR PREDISPOTITION AND BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

The United States of America, by and through the United States Attorney for the Northern District of Texas, before the presentation of evidence in the above-entitled cause, requests that the Court direct **Allen Nash (the "defendant")**, counsel for the defendant, and all witnesses for the defendant, not to mention, refer to, interrogate concerning, or bring to the attention of the jury in any manner, directly or indirectly, any of the following matters without first approaching the bench and obtaining a ruling on their admissibility for the reasons that these matters are not admissible under the Federal Rules of Evidence.   Further, even if this Court determines these matters to be relevant, the probative value of these matters is substantially outweighed by their prejudicial effect, and failure of the Court to exclude the same under Federal Rule of Evidence 403 would be error and would deprive the government of a fair trial:

1.   Any mention of past sexual partners, activity or conduct of any kind of Jane Doe or RJ (hereinafter the "Victims"), as mandated by Federal Rule of Evidence 412(a) (the

federal "Rape Shield" law).    This includes, but is not limited to, evidence, argument,

allegations or innuendo of any kind that any of the Victims ever engaged in prostitution

or any other commercial sex acts, or were trafficked by others prior to or after the

timeframe alleged in the indictment; any allegations that any of the Victims is now or has

ever been promiscuous; any alleged instances during which any of the Victims was

sexually assaulted by anyone other than the defendant in this case or any commercial sex

customers during the charged conduct in this case; any of the Victims' clothing; or any of

the Victims' comments, attitudes, or thoughts about sex and sexual activity, or her past

sexual partners.    To the extent the Victims previously engaged in commercial sex acts or

were sexually assaulted other than in the relevant time period alleged in the superseding

indictment, any such acts or assaults did not occur in conjunction with the sex trafficking

in this case.    These acts would only be offered to prove that the Victim engaged in other

sexual behavior, to show the Victim's sexual predisposition, or to traumatize and

embarrass the Victim by forcing her to testify about unrelated sexual acts or assaults, all

of which are improper under FRE 412(a).

FRE 412(a), the federal "rape shield law," is intended to protect victims of violent

crime, including sex trafficking.    It prohibits the admission of any evidence offered to

prove that a victim engaged in any other sexual behavior or evidence offered to prove a

victim's predisposition.    *See* Fed. R. Evid. 412.    It allows for limited exceptions to this

prohibition.    Exceptions include evidence if it is offered to prove someone other than the

defendant was the source of semen, injury, or physical evidence that is intended to be

offered in the case; instances of prior consensual sexual encounters between the defendant and the victim; or evidence whose exclusion would violate the defendant's constitutional rights.   *Id.* at 412(b)(1).   In this case, no DNA evidence exists that the defendant could try to claim belong to someone else.   The source of semen is not at issue.   In addition, the defendant has not been charged with rape, so any prior sexual encounters between the defendant and the Victims are likewise not at issue.

The commentary to the Rule specifically recognizes "the need to protect alleged victims against invasions of privacy, potential embarrassment, and unwarranted sexual stereotyping."   *See* the Advisory Committee Notes to Federal Rule 412.   Likewise, the commentary recognizes that the "strong social policy of protecting a victim's privacy and encouraging them to come forward to report criminal acts is not confined to cases that involve a charge of sexual assault."   *Id.*   The Rule prohibits the introduction of evidence offered to prove that a victim engaged in other sexual behavior, or evidence offered to prove a victim's sexual predisposition (with some limited exceptions).   It requires parties that seek to offer such evidence to file, under seal, a notice fourteen days in advance so that the Court may consider whether to permit the admission of such evidence well in advance of trial.   The Rule is intended "to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and," critically in this case, "the infusion of sexual innuendo into the fact finding process."   *See id.*   Evidence,

which might otherwise be admissible under Rules 402, 404(b), 405, 607, 608, 609 or some other evidence rule, must be excluded if Rule 412 so requires.   *See id*.

The scope of the Rule is exceedingly broad.   Unless one of the limited exceptions is satisfied, "evidence such as that relating to the alleged victim's mode of dress, speech, or life-style will not be admissible."   *See id*.   "[E]vidence of prior sex acts of alleged victims of a sexual assault can be excluded without violating the Sixth Amendment when defendants seek to introduce such evidence to impeach the victim or to otherwise diminish the victim's credibility."   *United States v. Hitt*, 473 F.3d 146, 157 (5th Cir. 2006).   In order to avoid possible prejudice in this case, the government respectfully requests that the Court take into consideration the safeguarding requirements of Rule 412. The government also requests that the Court order the defendant, as well as his attorneys and witnesses, that they must not refer, make arguments, claims, references, or innuendos of any kind about any of the Victims having previously engaged in commercial sex acts; previously being sexually assaulted or having sexual contact with anyone not involved in the case; any of the Victims' clothing being suggestive; or her comments, attitudes, or thoughts about sex and sexual activity in any way without first receiving a ruling from the Court outside the presence of the jury.

In this case, none of the exceptions outlined under Federal Rule of Evidence 412(b)(1) apply.   As discussed above, there is no semen or other physical evidence that the defendant would seek to claim he was not the source of.   The government does not have rape kit evidence.   As for physical injuries, RJ has scars from the defendant's

assaults on her, and we plan to offer several witnesses who saw him injure her and/or saw the marks he left.    The defendant inflicted those injuries during the charged timeframe. There is no evidence to suggest that anyone other than the defendant caused these injuries at any other time.    Therefore, this case does not contain the type of evidence that Rule 412(b)(1)(A) contemplates, so this exception does not apply.

The second exception to Rule 412's prohibition found at subsection 412(b)(1)(B) does not apply to Jane Doe because there are no instances of consensual sex between her and the defendant.    As for RJ, she and the defendant were initially boyfriend/girlfriend, so they had consensual sex during that portion of their relationship.    If the defense wants to ask RJ about that brief period when they had consensual sex, the Government is unopposed.    Shortly after they started dating, the defendant began to cause RJ to engage in commercial sex acts where he would keep the proceeds.    He constantly used threats of violence and actual violence to control her.    He also raped her during that timeframe, as another means of control.    Any other past consensual sexual partners of RJ are completely irrelevant to the case at hand, and would only be offered to impeach RJ and attempt to diminish her credibility, and should not be permitted.    The second exception to Rule 412's prohibition found at subsection 412(b)(1)(B) does not apply to RJ either, except as to limited timeframe after the defendant met her and started trafficking her.

Finally, the exclusion of the Victims' prior sexual behavior (either consensual or coerced to the extent it exists) does not violate any of the defendant's constitutional rights.    It does not violate his Confrontation Right to question the Victims regarding the

sexual activity that he is charged with causing or facilitating – he will be able to cross-examine them regarding their allegations against him.    Allegations that another person caused a victim to engage in commercial sex acts during some other time period or sexually assaulted them in no way impacts whether the defendant did these things as well.    The Court should look to the defendant's actions alone, not to others' actions that occurred sometime before or after the defendant's charged conduct.

2.    Any mention of the possible punishment the defendant faces if convicted of the offenses charged in the superseding indictment should be prohibited because punishment is decided by the Court upon conviction, not by the jury.    Any reference to possible punishment would only serve to confuse jurors about their role in the process.

The government respectfully requests that this Motion in Limine be granted, and counsel for the defendant, the defendants, and witnesses for the defendant be directed not to allude to or mention any of the above subjects until a ruling can be obtained by the Court outside the presence of the jury.

Respectfully submitted,

JOHN R. PARKER
United States Attorney

/s/ Cara Foos Pierce
CARA FOOS PIERCE
Assistant United States Attorney
Texas Bar No. 24036579
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: 214.659.8678
Facsimile:   214.767.4100

CERTIFICATE OF SERVICE

I hereby certify that on **May 15, 2017**, I electronically filed the foregoing document with the Clerk of Court for the United States District Court, Northern District of Texas, using the electronic case filing system of the Court.   The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys who have consented in wring to accept this Notice as service of this document by electronic means: **Chris Lewis.**

/s/ Cara Foos Pierce
Cara Foos Pierce
Assistant United States Attorney

CERTIFICATE OF CONFERENCE

I hereby certify that on May 12, 2017, I conferred with: **Chris Lewis** regarding this substance of this motion via email, and he indicated he is opposed to the relief sought in the Motion.

/s/ Cara Foos Pierce
Cara Foos Pierce
Assistant United States Attorney

Government's Motion in Limine - 7